**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GERALD STONE,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:11-CV-2263-B-BK** |
| | ) | |
| **INTERNAL REVENUE SERVICE,** | ) | |
| **Defendant.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's *Order Referring Motion* (Doc. 12), this case has been referred for a recommendation on Defendant's *Motion to Dismiss* Plaintiff's claim for declaratory relief (Doc. 7). Based on the relevant filings and applicable law, the undersigned recommends that Defendant's motion be **GRANTED**.

## I.  BACKGROUND

In September 2011, Plaintiff filed a *pro se* suit against Defendant Internal Revenue Service ("IRS"), seeking documents under the Freedom of Information Act ("FOIA") that he alleges the IRS withheld from him. (Doc. 2 at 1). In particular, Plaintiff claims that he twice requested records from the IRS used by that agency to prepare Notices of Proposed Adjustments, but he never received responsive documentation. (*Id.* at 2-3). Accordingly, he requests that the Court order the IRS to produce responsive documents. (*Id.* at 3). In the alternative, he argues that, should the IRS not comply, he be granted a declaratory judgment stating that, *inter alia*, (1) he was never paid more for his work than was authorized by the government; (2) he never received any "excess benefits" as defined by the IRS Code; (3) he was never paid for any work that was performed by someone else; and (4) he has never been subject to any IRS tax for illegal income. (*Id.* at 3-4).

The IRS now moves to dismiss Plaintiff's alternative request for declaratory relief pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 7).  The IRS argues that because neither FOIA nor the Declaratory Judgment Act waive the IRS's sovereign immunity for Plaintiff's declaratory judgment claim, that claim must be dismissed.  (*Id.* at 2).  As to Plaintiff's reliance on FOIA, the IRS claims that declaratory relief is not available at all because the only available remedy is the production of records.  (*Id.*).  Moreover, the IRS argues, the Declaratory Judgment Act can provide no relief in terms of the merits of the tax issues listed in Plaintiff's complaint because that Act explicitly states that declaratory judgments are not available with respect to federal tax liabilities.  (*Id.* at 3-4).  Finally, the IRS requests that it be given 14 days from the date the Court dismisses Plaintiff's declaratory judgment action to respond to Plaintiff's remaining claims.  (*Id.* at 4).

Plaintiff responds that he has not disputed his tax liability and is merely seeking the records used by the IRS agent who alleged that such a liability existed, which was later determined to be incorrect.  (Doc. 9 at 1-2).  Plaintiff claims that his declaratory judgment action merely seeks a judgment stating that such documents do not exist if the relief he requests in his complaint, namely production of the documents, cannot be granted because of the lack of such records.  (*Id.* at 2).  The IRS replies that Plaintiff did not ask in his complaint for a declaratory judgment as to the non-existence of the documents that the IRS relied on in initially assessing his tax liability.  (Doc. 10 at 2).

## II.  ARGUMENT AND ANALYSIS

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look

beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). The court must accept those well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

As an initial matter, Plaintiff does not request a declaratory judgment under the FOIA, so the IRS's arguments in that respect are irrelevant. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*," (and with exceptions not relevant here), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights . . . of any interested party seeking such declaration . . ." 28 U.S.C. § 2201(a). This provision prohibits federal courts from "entertaining proceedings for declaratory relief in cases *involving* federal taxes." *Warren v. United States*, 874 F.2d 280, 282 (5th Cir. 1989) (emphasis added). This language is notably broad. *See also Horne v. United States*, 519 F.2d 51, 52 (5th Cir. 1975) ("[i]t is well settled that a declaratory judgment cannot be issued in a tax case").

Therefore, although Plaintiff and the IRS differ in their view as to what relief Plaintiff seeks in his declaratory judgment action, Plaintiff cannot obtain *any* relief regardless of the remedy sought. *Id.* Accordingly, Plaintiff's declaratory judgment claim should be dismissed. Moreover, while the Court is generally inclined to give *pro se* plaintiffs several opportunities to

state a claim upon which relief can be granted, *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600 at *2 (N.D. Tex. Feb. 13, 2001), dismissal with prejudice is appropriate if the plaintiff has alleged his best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).  In this case, because Plaintiff cannot possibly prevail in a declaratory action against the IRS for the reasons stated, the Court need not allow him to re-plead his declaratory judgment claim.  Dismissal of Plaintiff's declaratory judgment action is additionally warranted because, to the extent he does seek a declaration that the IRS has no responsive documentation, his claim is redundant with his cause of action under the FOIA.  *See Cypress/Spanish Ft. I, L.P. v. Professional Serv. Ind., Inc.* __ F. Supp.2d __, 2011 WL 39844098 *6 (N.D. Tex. 2011) (noting that if a request for a declaratory judgment is redundant and does not seek a declaration regarding any rights not already at issue in the lawsuit, it need not be permitted) (citing cases).

### III.  CONCLUSION

For the reasons set forth above, Defendant's *Motion to Dismiss* Plaintiff's claim for declaratory relief  (Doc. 7) should be **GRANTED**, and Plaintiff's declaratory judgment claim should be **DISMISSED WITH PREJUDICE**.  Defendant should be given 14 days from the date that the Court dismisses Plaintiff's declaratory judgment action to respond to Plaintiff's remaining claims.

**SO RECOMMENDED on** January 17, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE